1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER ROBERT LUTE,            Case No. 1:20-cv-01122-CDB (PC)

12              Plaintiff,               **ORDER DENYING PLAINTIFF'S MOTION
                                         FOR SCHEDULING ORDER AND ORDER**
13        v.                             **DIRECTING SERVICE**

14   E. SILVA, et al.,                   (Doc. 17)

15              Defendants.

16

17        Plaintiff Christopher Robert Lute is proceeding *pro se* and *in forma pauperis* in this civil

18   rights action pursuant to 42 U.S.C. § 1983.

19        **RELEVANT BACKGROUND**

20        On February 17, 2021, the Court issued its First Screening Order. (Doc. 6.) The then-

21   assigned magistrate judge found Plaintiff's complaint stated cognizable claims of retaliation and

22   excessive force, however, the remaining claims were not cognizable. (*Id*. at 5-13.) Plaintiff was

23   granted leave to file a first amended complaint curing the deficiencies identified in the screening

24   order. (*Id.* at 13-14.)

25        Following three extensions of time, Plaintiff filed a first amended complaint on June 28,

26   2021. (Doc. 13.)

27   //

28

1
2
3

On November 23, 2022, Plaintiff filed a document titled "Notice of Motion F. R. Civ. P Rule § 7 and Local Rule 83-9 for 'Scheduling Order,' and 'Change of Address' of Plaintiff's Second Amended Complaint." (Doc. 17, emphasis in original.)

4

**DISCUSSION**

5
6
7
8
9
10

Initially, the undersigned notes Plaintiff cites to this Court's Local Rules and the Federal Rules of Civil Procedure in support of his motion. However, Plaintiff's numerical references do not comport with either this Court's Local Rules or the Federal Rules of Civil Procedure. The Local Rules for the Eastern District of California start with Rule 100. Therefore, there is no "Local Rules § 83.9" as referenced in Plaintiff's motion. Moreover, the Federal Rules of Civil Procedure do not include a "Rule 83.9."

11
12
13
14

Federal Rule of Civil Procedure 7 is entitled "Pleadings Allowed; Form of Motions and Other Papers." To the extent Plaintiff intended to cite to this rule to permit the filing of the instant motion, the motion has indeed been filed with the Court. Nevertheless, Rule 7 does not require the Court grant Plaintiff's motion.

15
16
17
18
19
20
21
22
23

The undersigned construes Plaintiff's motion as one seeking service of his amended[1] complaint and issuance of a scheduling order. Because Plaintiff's first amended complaint has not yet been screened as required by 28 U.S.C. § 1915A(a), neither service of that complaint nor issuance of a scheduling order is appropriate. As Plaintiff has been previously advised,[2] this Court is one of the busiest district courts in the nation. Delays are unfortunate, yet inevitable. There are dozens of prisoner civil rights complaints—both original and amended—on the undersigned's docket awaiting screening. Plaintiff's first amended complaint will be screened in due course. Until such time as the Court has determined any amended complaint is appropriate to refer to the United States Marshal for service of process upon any defendants, a scheduling order

24
25

[1] Plaintiff refers to the complaint filed June 28, 2021 as a "screned [sic] second amended complaint." (Doc. 17 at 1.) However, the complaint filed on that date is Plaintiff's *first* amended complaint and it has not yet been screened by the Court.

26
27
28

[2] In the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued August 13, 2020, Plaintiff was advised as follows: "This Court screens pro se plaintiffs' complaint as expeditiously as possible. However, the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (Doc. 3 at 3.)

is inappropriate. A scheduling order will issue only after service has been effected and any

defendants have answered the operative complaint.

To the extent Plaintiff's motion can be interpreted to seek the appointment of a district

judge (Doc. 17 at 2 ["Plaintiff respectfully thanks the Court for its consideration to the newly

appointed District Judge on the Case No. J.L. Thuston 1.20-cv-01122 BAK"]), the motion is

denied. A district judge will be randomly appointed by the Clerk's Office if and when it becomes

appropriate to do so. As it stands, as of October 6, 2022, the matter is assigned to the undersigned

as magistrate judge and a district judge has not yet been assigned.

**CONCLUSION AND ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff motion (Doc. 17) filed November 23, 2022 is **DENIED**. Plaintiff's first
   amended complaint will be screened in due course; and

2. The Clerk of the Court is directed to change Plaintiff's address from Salinas Valley
   State Prison to California State Prison, Lancaster as referenced in Plaintiff's motion
   (Doc. 17 at 2).

IT IS SO ORDERED.

Dated:   __**December 1, 2022**__        _____
                                          UNITED STATES MAGISTRATE JUDGE