UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT LUTE,<br><br>              Plaintiff,<br><br>        v.<br><br>E. SILVA, et al.,<br><br>              Defendants. | Case No. 1:20-cv-01122-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIM TWO OF PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Christopher Robert Lute is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

On February 17, 2021, the Court issued its First Screening Order. (Doc. 6.) The then-assigned magistrate judge found Plaintiff's complaint stated cognizable claims of retaliation and excessive force, however, its remaining claims were not cognizable. (*Id*. at 5-13.) Plaintiff was granted leave to file a first amended complaint curing the deficiencies identified in the screening order. (*Id.* at 13-14.)

Following three extensions of time, Plaintiff filed a first amended complaint on June 28, 2021. (Doc. 13.)

//

On December 15, 2022, the Court issued its Second Screening Order. (Doc. 20.) The Court determined Plaintiff's first amended complaint violated Federal Rules of Civil Procedure Rule 20 (*Id*. at 8-12.) despite the Court's express admonition in its First Screening Order that Plaintiff should not bring multiple claims unless he demonstrated how they were related consistent with Rule 20.  Plaintiff was granted leave to file a second amended complaint, or, alternatively, a notice of voluntary dismissal. (*Id*. at 12-13.) Plaintiff was afforded 21 days from the date of service of the order within which to file a second amended complaint curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal. (*Id*.)

Following an extension of time, Plaintiff filed his second amended complaint on January 27, 2023. (Doc. 24.)

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C.  Federal Rules of Civil Procedure 18 and 20

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief to "join … as many claims as it has against an opposing party." However, a plaintiff may not join unrelated

3

claims against multiple defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("unrelated claims against different defendants belong in separate lawsuits"). A plaintiff may bring claims against more than one defendant only if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2); *see Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

## IV.   DISCUSSION

### A.   Plaintiff's Second Amended Complaint

Plaintiff's second amended complaint names Correctional Officers Romero and Valladolin, Sergeant E. Moreno and Lieutenant A. Randolph, all employed at California State Prison, Corcoran, as Defendants. (Doc. 24 at 1-2.) Plaintiff presents two claims for relief. (*Id.* at 3-5.) He seeks a declaratory judgment, compensatory damages of $2,000,000, punitive damages of $2,000,0000, "injunctive order lost, destroyed property and seized funds returned to be determined," and any other relief the Court deems just. (*Id*. at 6.)

### B. Plaintiff's Claims

#### Claim One

The Court construes Plaintiff's first cause of action to assert a violation of Plaintiff's Eighth Amendment rights. (*See* Doc. 24 at 3.)

Plaintiff contends that on June 10, 2020, Defendant Officer Romero "used forward momentum force and violence exiting cell 4A, 2L-44 presumably to close cell door after inspection and uncuff Plaintiff in full [waist] chains with visual/mobility impairment w/vest." (Doc. 24 at 3.) Plaintiff asserts Romero pushed him from behind "to back left bunk, bent at waist pretending [Plaintiff] had turned around and struck him with my Brain Injury, vertigo, dysphagia and coordination problems from a permanent traumatic brain injury…." (*Id*.) Plaintiff contends Defendant Sergeant Moreno responded, using "unjustifiable" force "of program used eminant [sic] death of G.B.I. tactics to remove" Plaintiff's "A.D.A. cane," kneeing on him and breaking five of Plaintiff's ribs. (*Id*.) Plaintiff contends Defendant Lieutenant Randolph also responded, "using closed fist strike punch" to the back of Plaintiff's head. (*Id*.) Plaintiff further contends

Defendant Officer Valladolin used his "closed fist striking hard to 'shut up' created a cut to left temple bleeding down jumpsuit." (*Id.*) Plaintiff states that "[a]t cell door stomped leg irons." (*Id.*) Plaintiff also asserts Defendants Moreno and Randolph punched him during a wheelchair escort into the rotunda, and that Plaintiff was struck on his "broken body at shoulder by Randolph." (*Id.*) He alleges his injuries include a "[l]asting injury to head, impaired breathing, knocked off at bunk," the loss of prescription glasses, and severe mental and physical pain. (*Id.*)

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted)

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks & citation omitted). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834 (1994) (internal quotation marks & citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7. In making

5

this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

Liberally construing the second amended complaint, Plaintiff has plausibly alleged Eighth Amendment excessive force claims against all named Defendants, by asserting each of them personally used excessive physical force for the purposes of causing Plaintiff harm.

### Claim Two

In his second cause of action, Plaintiff contends his "private funds from outside sources," including the Internal Revenue Service, were "never deposited" into his inmate trust account during the COVID-19 pandemic. (Doc. 24 at 4.) Plaintiff references an "Armstrong Motion filed June 3, 2020 for Retaliation to A.D.A.s with vision, mobility brain injury mental faculties impaired for people complaining" with Plaintiff. (*Id.*) Although not entirely clear, it appears Plaintiff is contending an illegal "'R' suffix" was assigned to him by "C.D.C.R. S.A.T.F. on or about May of 2019." (*Id.*) Plaintiff then contends "[d]ozens of staff misconduct falsified R.V.R.s like [his] on June 10, 2020 at Corcoran S.H.U." were illegal, arbitrary and capricious. (*Id.*) Plaintiff then states "[i]nvalid sentencing as a witness for exercising [his] federal rights and help with disability." (*Id.*) He contends his property was taken or left for "others to steal … for 2 years and false R.V.R. after violently assaulting them." (*Id.*) Plaintiff also seems to be asserting the seizure of his legal property at California State Prison, Los Angeles County "after trying to mail [indecipherable] numerous 602 appeals without any redress." (*Id.*) Thereafter, Plaintiff refers to stolen bibles and "silver Christian medallions brand new" and broken televisions, stating he needs a "T.R.O. to return C.S.P. LAC TV and legal property." (*Id.*) Plaintiff contends he is missing four televisions and "$600 IRS E.I.P. II sent but not deposited." (*Id.*)

Plaintiff further asserts "[p]unitive segregation" in retaliation "without access to appointed [lawyer]," citing to "Case No. CMS-1757, CMS-4954 or any phone for over 3-months even to loved ones during Holidays ending in 2022." (Doc. 24 at 5.) Plaintiff states in 2023 he was

6

illegally assessed "24 mo S.H.U. over incidents on [Salinas Valley State Prison] heat down inside Lexis Nexis Law Library and cock fights at D-Yard S.V.S.P." (*Id*.) Plaintiff repeats his assertion that inmates were allowed "to steal all personal property under eminant 602 for illegal 'R' determinats on 128 Chron labeling a conviction without arrest or plea agreement." (*Id*, spelling in original.) He concludes by stating, "[S]ufficiently, knowingly inflamitory and defamatory legally document slander state sponsored retallation from S.A.T.F. prior to violent S.B.I. on 6-10-20 at Cor. S.H.U. by aforementioned defendants." (*Id.,* spelling & abbreviations in original.)

As Plaintiff has been repeatedly advised (*see* Docs. 6 at 3, 12-13 & Doc. 20 at 4, 8-10), he cannot join unrelated claims in a single lawsuit. Because Plaintiff's second claim seeks to join unrelated claims—including claims involving other institutions and presumably other individuals—with a separate excessive force claim, the Court will recommend Plaintiff's second claim for relief be dismissed as it violates Rule 20 of the Federal Rules of Civil Procedure. Additionally, the Court notes Plaintiff has failed to state any other cognizable claim against any individual because Plaintiff does not attribute or link any action whatsoever to any named Defendant or any individual at all. *Rizzo*, 423 U.S. at 373-75. Simply put, Plaintiff has failed to state a claim upon which relief can be granted. The Court will recommend Plaintiff's second claim be dismissed without leave to amend.

### **Amendment Would Be Futile**

If the Court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005-06.

Here, the Court has given Plaintiff multiple opportunities to cure the deficiencies

identified in his prior complaints. Nonetheless, Plaintiff continues to present unrelated claims in a single action and fails to link the actions of any named Defendant to his second cause of action. It is clear that granting Plaintiff further leave to amend would not cure the deficiencies identified herein.

## V.     CONCLUSION AND RECOMMENDATIONS

The Clerk of the Court is DIRECTED to assign a district judge to this action. Further, for the reasons set forth above, the Court **RECOMMENDS** that:

1. This action PROCEED on Plaintiff's Eighth Amendment excessive force claims (claim one) against Defendants Moreno, Randolph, Romero and Valladolin as asserted in Plaintiff's second amended complaint; and

2. The remaining claims (claim two) in the second amended complaint be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 16, 2023**                              /s/ signature
                                                        UNITED STATES MAGISTRATE JUDGE