1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

CHRISTOPHER ROBERT LUTE,

12

Plaintiff,

13

v.

14

E. SILVA, et al.,

15

Defendants.

16

Case No. 1:20-cv-01122-NODJ-CDB (PC)

**ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION**

(Doc. 49)

17      Plaintiff Christopher Robert Lute is proceeding pro se and *in forma pauperis* in this civil

18  rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment

19  excessive force claims against Defendants E. Moreno, A. Randolph, E. Romero and O.

20  Valladolid.

21      **I.      INTRODUCTION**

22      A Discovery and Scheduling Order issued in this matter on January 2, 2024. (Doc. 47.)

23      On January 10, 2024, Defendants filed a Motion to Stay Civil Action Pending Resolution

24  of State Criminal Proceeding Against Plaintiff. (Doc. 49.) No opposition was timely filed by

25  Plaintiff and the Court finds one unnecessary.

26  //

27  //

28  //

1

**II.    DISCUSSION**

2

*Defendants' Motion to Stay*

3      Defendants seek a stay of this action pending resolution of criminal proceedings against

4  Plaintiff now pending in the Kings County Superior Court. (Doc. 49.) Defendants contend this

5  civil rights action implicates Plaintiff's Fifth Amendment rights as the ongoing criminal matter

6  involves the same nucleus of facts (*id*. at 4-5) and that this Court should stay the action because

7  Plaintiff's excessive force claims against Defendants may be barred by *Heck v. Humphrey*, 512

8  U.S. 477 (1994) (*id*. at 5). Next, Defendants contend a stay is warranted under *Younger v. Harris*,

9  401 U.S. 37 (1971) (*id*. at 6), and finally, that judicial economy supports a stay of these

10  proceedings (*id*. at 7).

11      Relatedly, Defendants ask the Court to take judicial notice of a complaint filed September

12  24, 2020 in Kings County Superior Court case number 20CMS-4954, a first amended

13  consolidated information filed January 31, 2023 and a minute order dated December 20, 2023, in

14  Kings County Superior Court case number 20CMS-1757. (Doc. 49-2.) Thus, this Court takes

15  judicial notice of the documents in the state court proceedings. *See Harris v. County of Orange*,

16  682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in

17  federal or state courts").

18

*Applicable Legal Standards*

19      The district court "has broad discretion to stay proceedings as an incident to its power to

20  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*

21  *American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay

22  bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v.*

23  *Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature."

24  *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066–67 (9th Cir. 2007).

25  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.

26  *Yong v. I.N.S*., 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any

27  stay against the strength of the justification given for it." *Id*.

28

1    "The Constitution does not ordinarily require a stay of civil proceedings pending the

2  outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th

3  Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved,

4  [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our

5  jurisprudence." *Id*. "Nevertheless, a court may decide in its discretion to stay civil proceedings ...

6  'when the interests of justice seem[] to require such action.'" *Id*. (citations omitted).

7    When a civil plaintiff brings claims under section 1983 that are "related to rulings that

8  will likely be made in a pending or anticipated criminal trial," it is "common practice" for the

9  court "to stay the civil action until the criminal case or the likelihood of a criminal case is

10  ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

11    When determining whether a stay is appropriate, courts look to whether the criminal

12  defendant's Fifth Amendment rights may be implicated by the civil proceedings. *Keating*, 45

13  F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). *See Fed. Saving & Loan Ins. Corp. v. Molinaro*,

14  889 F.2d 899, 902 (9th Cir. 1989) ("A court must decide whether to stay civil proceedings in the

15  face of parallel criminal proceedings in light of the particular circumstances and competing

16  interests involved in the case. Obviously a court should consider the extent to which the

17  defendant's fifth amendment rights are implicated.").  Courts also consider (1) the interest of the

18  plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay;

19  (2) the convenience of the court and the efficient use of judicial resources; (3) the interests of

20  third parties; and (4) the interests of the public. *Keating*, 45 F.3d at 324-25.

21    Absent extraordinary circumstances, federal courts may not interfere with ongoing state

22  criminal proceedings. *See Younger*, 401 U.S. at 43-54; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S.

23  69, 77 (2013). A court may consider *sua sponte* whether *Younger* abstention should be invoked

24  at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

25  Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive

26  relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state

27  criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as

28  well as a section 1983 action for declaratory relief and damages "where such an action would

3

1   have a substantially disruptive effect upon ongoing state criminal proceedings"); *Gilbertson v.*

2   *Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for

3   damages as it does to declaratory and injunctive relief).

4           A court may apply a stay under *Younger* when: "(1) the state court proceedings are

5   ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings

6   provide an adequate opportunity to raise the constitutional claims." *Escobar v. LASD Male Doe*,

7   No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (citing

8   *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

9                                              *Analysis*

10          In Kings County Superior Court case number 20CM-4954, Plaintiff was charged with a

11  felony count of assault by a prisoner with a deadly weapon, here, a "DME cane," in violation of

12  California Penal Code section 4501(a), and one felony count of resisting an executive officer in

13  violation of California Penal Code section 69, involving Defendant Romero. (Doc. 49-2 at 5-6.)

14  As to the latter, the use of the DME cane was also alleged to be a serious felony within the

15  meaning of California Penal Code sections 667(a)(1), 1192.7(c)(11) and 12022(b)(1). (*Id*. at 7, 9.)

16  Further, Plaintiff was charged with felony counts of resisting an executive officer in violation of

17  California Penal Code section 69, involving Defendants Moreno and Valladolid. (*Id*. at 8.)

18  Finally, as to all involved counts, it was further alleged Plaintiff had suffered prior serious and

19  violent felonies within the meaning of California Penal Code sections 1170.12(a) through (d). (*Id*.

20  at 8-9.) That matter was consolidated with Kings County Superior Court case number 20-CMS-

21  1757 on January 31, 2023. (*See* Doc. 49 at 2 & Doc. 49-1, ¶ 2 [Bhangoo Decl.].)

22          In Kings County Superior Court case number 20CMS-1757, the first amended

23  consolidated information alleges Plaintiff committed felony battery of a non-confined person in

24  violation of California Penal Code section 4501.5 and felony resisting an executive officer in

25  violation of California Penal Code section 69, as to Defendant Romero. (Doc. 49-2 at 13.) As to

26  those counts, various special allegations concern the use of a deadly weapon and prior serious

27  felony convictions pursuant to California Penal Code sections 667(a)(1), 1170.12(a)-(d),

28  1192.7(c) and 12022(b)(1). (*Id*. at 13-15.) The consolidate criminal case was scheduled for trial

                                                    4

1    setting proceedings on January 29, 2024. (Docs. 49 at 2 & 49-2 at 19.)

2         The present civil rights action implicates Plaintiff's Fifth Amendment rights. The facts

3    and circumstances underlying Plaintiff's criminal prosecution for felony battery by a prisoner on

4    a non-prisoner involving a deadly weapon and felony resisting an officer by means of force or

5    threat involving Defendant Romero, substantially overlap with the excessive force claims at

6    issue in this case. Both cases involve the June 10, 2020 incident between Plaintiff and the

7    Defendants and will likely involve substantially the same parties and witnesses. Thus, if this case

8    proceeds, Defendants will seek discovery from Plaintiff, and he will be required to respond under

9    oath. The discovery will involve Plaintiff's alleged misconduct on June 10, 2020. Thus, there

10   exists a substantial risk of prejudice to Plaintiff's Fifth Amendment rights. Furthermore, if

11   Plaintiff invokes his Fifth Amendment rights it may impede Defendants' discovery. *Jones v.*

12   *Conte*, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (finding that a stay of the

13   civil case involving defendant in criminal action was appropriate "because [i]f discovery moves

14   forward, [the] defendant will be faced with the difficult choice between asserting [his] right

15   against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights,

16   thereby courting liability in the civil case") (internal quotations & citation omitted).

17        Likewise, the other *Keating* factors also support a stay. Any prejudice to Plaintiff is

18   minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that

19   evidence will be lost, or memories will fade with passage of time. *McCormick v. Rexroth*, No. C

20   09-4188 JT, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010). In addition, the public interest

21   weighs in favor of a stay because "[t]he public has an interest in ensuring that the criminal

22   process is not subverted by ongoing civil cases." *Douglas v. United States*, No. C 03-4518, 2006

23   WL 2038375, at *6 (N.D. Cal. July 17, 2006) (quotation and citation omitted).

24        Furthermore, if a stay is not granted, the defenses available may be limited. If the court in

25   the state court criminal action considers Plaintiff's factual allegations regarding the June 10, 2020

26   incident, such findings may be binding in this Court. Until resolution of the criminal

27   proceedings, it is unclear whether certain defenses are available, such as a *Heck* bar or issue

28   preclusion. *See Wallace*, 549 U.S. at 393–94 (noting that the question of whether a section 1983

1    action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of

2    resisting arrest or similar conduct arising from the same incident he is claiming excessive force,

3    and concluding a stay may be appropriate until such time as the underlying criminal proceedings

4    are conducted). "If the plaintiff is ultimately convicted, and if the stayed civil action would

5    impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed,

6    absent some other bar to suit." *Id.* (citation omitted); *see Vivas v. Cty. of Riverside*, No. EDCV

7    15-1912-VAP (DTBx), 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive

8    force case where criminal prosecution for resisting arrest was pending).

9           Judicial efficiency also favors imposition of a stay because Plaintiff's criminal action

10   involves many of the same facts as alleged in this action. Accordingly, the Court will stay this

11   action until Plaintiff's criminal charges have been resolved.

12          Even if a stay is not warranted under the former analysis, a stay is warranted under

13   *Younger*. *Escobar*, 2017 WL 7050642, at *2. Here, Plaintiff's criminal case is ongoing and

14   implicates the State of California's important interest in ensuring the integrity of its criminal

15   justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in

16   administering their criminal justice systems free from federal interference is one of the most

17   powerful of the considerations that should influence a court considering equitable types of

18   relief"). Indeed, Plaintiff may raise constitutional issues in the state proceedings. *See Pennzoil*

19   *Co. v. Texaco*, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will

20   afford an adequate remedy, in the absence of unambiguous authority to the contrary"). In

21   addition, Plaintiff is seeking damages in this civil action. (Doc. 24 at 6.) *Mann*, 781 F.2d at 1449;

22   *Gilbertson*, 381 F.3d at 984. Accordingly, it is clear that principles of judicial comity authorize

23   the Court to stay this action until Plaintiff's criminal proceedings have concluded.

24          **III.    CONCLUSION AND ORDER**

25          For the reasons given above, **IT IS HEREBY ORDERED** that:

26          1.  Defendants' motion to stay this action (Doc. 49) is **GRANTED**;

27          2.  The instant action is **STAYED** pending resolution of Plaintiff's criminal case; and

28   //

3.  Defendants **SHALL** file a status report no later than **March 1, 2024**, addressing the status of the criminal proceedings, and every sixty (60) days thereafter, until those proceedings are resolved.

IT IS SO ORDERED.

Dated:    **February 2, 2024**

UNITED STATES MAGISTRATE JUDGE

7