UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT LUTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. SILVA, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-01122-NODJ-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY**<br><br>(Doc. 65) |

Plaintiff Christopher Robert Lute is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This stayed action concerns Plaintiff's Eighth Amendment excessive force claims against Defendants E. Moreno, A. Randolph, E. Romero and O. Valladolid.

**I.      INTRODUCTION**

On January 10, 2024, Defendants filed a Motion to Stay Civil Action Pending Resolution of State Criminal Proceeding Against Plaintiff. (Doc. 49.)

On February 2, 2024, the Court issued its Order Granting Defendants' Motion to Stay Action. (Doc. 50.) As ordered, Defendants have filed status reports every 60 days concerning the status of the state court criminal proceedings. (Docs. 52, 57, 59-60, 63-64, 66.)

On February 6, 2025, Plaintiff filed a "'Motion to Lift Stay.'" (Doc. 65.) Defendants opposed. (Doc. 65.)

## II.     DISCUSSION

### *Plaintiff's Motion to Lift Stay*

Plaintiff asks the Court to lift the stay, stating he "has suffered continuing unsurmountle [sic] criminal prejudice § 939 People v. Backus in Case No. CMS-1757." Plaintiff contends the Constitution does not guarantee or require a stay of civil proceeding "pending the outcome of the accusitory [sic] information of this Affiants testimony Case No. CMS-1757 or CM-4954 or this courts pendant jurisdiction of this affiants testimony of US.C. Title 18 PC § 242 torts of assault and battery as sworn herein …." Plaintiff alleges unreasonable delay "to move to trial for damages … alleging 4-year delay of actual innocence of P.C. § 69 …." Plaintiff states he has not voluntarily waived "any time in Indio Sup. Ct. #1801515 or signed § 977 to appear ...." He also asserts he has not "waived time, trial ready CMS-1757, CM-4954 two years ago." Plaintiff contends lifting the stay "is proper to adjudicate Judicial integrity of chronology of" his alleged injuries. Plaintiff asks the Court to lift the stay of these proceedings, "extend protective order with aforementioned Riv. Co. jail staff," and appoint counsel to represent him at settlement proceedings.

### *Defendants' Opposition*

Defendants oppose Plaintiff's motion, contending Plaintiff has not demonstrated changed circumstances, let alone extraordinary circumstances, that would warrant a departure from the *Younger*[1] abstention doctrine. Defendants state Kings County Superior Court case number 20CMS-1757—alleging Plaintiff committed felony battery of a non-confined person in violation of California Penal Code section 4501.5 and felony resisting an executive officer in violation of California Penal Code section 69, as to Defendant Romero, including special allegations concerning the use of a deadly weapon and prior serious felony convictions pursuant to California Penal Code sections 667(a)(1), 1170.12(a)-(d), 1192.7(c) and 12022(b)(1)—is set for a trial setting conference on April 14, 2025. They contend this action should remain stayed and that Plaintiff has failed to demonstrate changed circumstances warranting a lifting of the stay.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

Defendants argue they will be prejudiced were the stay lifted because if Plaintiff invokes his Fifth Amendment rights it may impede Defendants' discovery, and until criminal proceedings are resolved, it is unclear whether certain defenses, such as a *Heck*[2] bar or issue preclusion, are available. While this action has been stayed for just over a year, Defendants assert that "is not especially long, as it is not unusual for a federal case to be stayed for a year or longer pending resolution of a related criminal proceeding" and the stay is not indefinite. Additionally, Defendants maintain Plaintiff has failed to demonstrate extraordinary circumstances warranting a departure from the *Younger* abstention doctrine.

### *Analysis*

The Court finds no basis to lift the stay of these proceedings. The underlying criminal case remains pending in the Kings County Superior Court. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (when a civil plaintiff brings claims under section 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem[] to require such action'"); *see also Fed. Saving & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). And absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. *Younger*, 401 U.S. at 43-54; *see Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings").

To the extent Plaintiff references "extend[ing a] protective order," this Court has not issued a protective order; hence, there is nothing to extend. To the extent Plaintiff seeks the appointment of counsel to represent him at a settlement conference, a settlement conference has

---

[2] *Heck v. Humphrey*, 512 U.S. 477 (1994).

not been set in this matter and Defendants previously elected not to participate in a voluntary early settlement conference.

In sum, Plaintiff has not demonstrated extraordinary circumstances. Nor has the stay of these proceedings been particularly lengthy to date,[3] amounting to a changed circumstance. In any event, it appears the state criminal matter will soon be set for trial. The Court declines to lift the stay of these proceedings for all the reasons previously found. (*See* Doc. 50.)

### III.    CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS**:

1. Plaintiff's motion to lift the stay of these proceedings (Doc. 65) is **DENIED**;
2. The action remains **STAYED** pending resolution of Plaintiff's criminal case; and
3. Defendants **SHALL** continue to file a status report every sixty (60) days, from the date of their prior status report, until the criminal proceedings are resolved.

IT IS SO ORDERED.

Dated:   **March 10, 2025**

UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff asserts a "4-year delay," however, while Plaintiff filed this action on August 12, 2020, the Court was required to screen his original complaint and amended complaints (*see* 28 U.S.C. § 1915A(a)) before directing service of process upon Defendants. Defendants appeared in this action on November 18, 2023, and the stay of these proceedings began February 2, 2024. Any delay prior to that date was not unreasonable.