UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT LUTE,<br><br>   Plaintiff,<br><br> v.<br><br>E. SILVA, et al.,<br><br>   Defendants. | Case No. 1:20-cv-01122-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S PENDING MOTIONS FOLLOWING STAY**<br><br>(Docs. 53-55, 69) |

  Plaintiff Christopher Robert Lute is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants E. Moreno, A. Randolph, E. Romero and O. Valladolid.

 **I.  RELEVANT BACKGROUND**

  On February 2, 2024, the Court issued its Order Granting Defendants' Motion to Stay Action, staying all proceedings pending disposition of Plaintiff's underlying state court criminal action. (Doc. 50.) Defendants were ordered to file a status report every 60 days "until those proceedings are resolved." (*Id*. at 7.)

  Following the stay of these proceedings, on March 4, 2024, Plaintiff filed documents titled "Plaintiffs Declaration for Motion to Amend and Request for Protective Order; Order to Disclose Recent Serious Head Injury from In Custody Assaults" (Doc. 53) and "Motion for Leave to

1  Remove E. Silva from Amended Complaint Rule 15(a)" (Doc. 54). That same date, Plaintiff filed
2  a document titled "Plaintiff's Stipulations to D.A.G. Propose Order, and Named [Defendants]
3  Final Amendments, [dismissing] the name SILVA, et al." (Doc. 55.) Because the action was
4  stayed, Plaintiff's motions remained pending determination.

On February 6, 2025, Plaintiff filed a motion to lift the stay of these proceedings (Doc. 65), and Defendants opposed (Doc. 67). The Court issued its order denying Plaintiff's motion on March 10, 2025, and reiterated therein that the action "remains **STAYED** pending resolution of Plaintiff's criminal case." (Doc. 68) (emphasis in original.)

On April 14, 2025, Plaintiff filed a motion for appointment of counsel. (Doc. 69.)

On August 4, 2025, Defendants reported that "Plaintiff's criminal case … is closed. According to the online docket, the case was dismissed on June 20, 2025." (Doc. 73.)

On August 5, 2025, the Court issued its Order Lifting Stay (Doc. 74), and its Discovery and Scheduling Order (Doc. 75).

Thereafter, Plaintiff filed "Plaintiffs Status Report" (Doc. 76) on August 8, 2025.

## II.   DISCUSSION

With the stay now lifted, Plaintiff's pending motions are ripe for consideration (*see* Doc. 74 at 2) (noting that the court would rule on the pending motions in due course).

*Plaintiff's Pending Motions or Filings (Docs. 53, 54, 55 & 69)*

### Amendment

In a section titled "Facts" in the first motion filed after the stay of these proceedings, Plaintiff recounts various factual allegations concerning conditions of his confinement at Kern Valley State Prison (KVSP) and at least two separate inmate assaults, a claim of excessive force against KVSP correctional officers "J. Fernandez and D. Castillo," deliberate indifference to serious medical needs claims, and a reference to another inmate assault occurring at Salinas Valley State Prison (SVSP) on an unidentified date. (Doc. 53 at 3-6.) Plaintiff also lists "Concussions T.B.I. injurys [sic]" occurring after his arrival at KVSP. (*Id*. at 6.) Significantly however, this action does *not* involve those allegations. This case proceeds *only* on Plaintiff's cognizable Eighth Amendment excessive force claims against Defendants E. Moreno, A.

2

Randolph, E. Romero and O. Valladolid — all of whom are employed at California State Prison, Corcoran. (*See, e.g.*, Docs. 29 [Order Adopting Findings and Recommendations to Dismiss Claim Two of Plaintiff's Second Amended Complaint] & 30 [Order Finding Service of Complaint Appropriate].)

Significantly, the Court previously admonished Plaintiff that he could not include unrelated claims against multiple defendants in a single action. (*See* Docs. 6 at 12-13 [First Screening Order] & 20 at 4, 12-13 [Second Screening Order].) Here, it appears Plaintiff seeks to amend his complaint to once again improperly assert multiple unrelated claims against multiple defendants.

At its core, a lawsuit is a single claim against a single defendant. Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Here, Plaintiff appears to raise separate claims against different defendants based on different events occurring at different times and at different institutions. As the Court previously admonished, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George*, 507 F.3d at 607. Because Plaintiff may not do so, his request is improper and to the extent his motion seeks leave to amend the operative complaint, the motion to amend will be denied. Fed. R. Civ. P. 15(a)(2). To the extent Plaintiff believes the events occurring at KVSP and/or SVSP give rise to cognizable civil rights claims, he must file new actions regarding those unrelated claims.

In the second motion filed after the stay of these proceedings, Plaintiff requests to

"remove E. Silva from amended complaint now before the court." (Doc. 54.) Plaintiff's request is moot and therefore denied. As reflected in the docket for this action, E. Silva was dismissed from this action on June 28, 2021. (*See* docket generally; *see also* Doc. 13 [first amended complaint].)

### **Appointment of Counsel**

Plaintiff states he believes he is "seriously wounded requiring appointment of a federal [lawyer] to protect from ongoing injurious contact from C.D.C.R. employees." (*See* Doc. 53 at 7.) The Court construes Plaintiff's filing to request the appointment of counsel rather than a "protective order" as referenced in the title of his filing. Additionally, in his motion filed April 14, 2025, Plaintiff requests the appointment of counsel because: (1) he is indigent; (2) the issues are complex; (3) his access to the law library is extremely limited; (4) his efforts to obtain the assistance of an attorney pro bono have been unsuccessful; and (5) he "has suffered brain trauma, broken bones, arm, toes, ribs, fingers as a re-call inmate for resentencing legally incorrect applications of state law." (Doc. 69 at 1-2.)

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, while Plaintiff's complaints were screened as required by 28 U.S.C. section 1983 (*see* Docs. 6, 20 & 27) and Defendants Moreno, Randolph, Romero, and

1     Valladolid have filed an answer to the complaint (*see* Doc. 37), it is premature to determine
2     whether there is a likelihood of success on the merits. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-
3     00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of
4     success on the merits determination is not the same as that required at screening; at screening, the
5     Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause
6     of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for
7     the Court is to consider factual allegations to be true for purposes of screening"). Further, a
8     merits-based determination is premature as discovery is ongoing in this action. *See, e.g.*, *Serrano*
9     *v. Rudas*, No. 1:22-cv-00950-KES-CDB, 2024 WL 4190106, at *1 (E.D. Cal. Sept. 13, 2024) ("A
10    merits-based determination largely is premature as discovery is ongoing in this action,
11    particularly given Plaintiff's failure to argue he is likely to prevail on his claims").

12    Next, the Court also must evaluate Plaintiff's ability to articulate his claims pro se in light
13    of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds
14    Plaintiff able to articulate his claims considering their complexity. The operative second amended
15    complaint asserts Eighth Amendment excessive force claims against Defendants. Those claims
16    are not complex. *See, e.g.*, *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE
17    KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force
18    and wrongful death are not complex"); *Crawford v. Hughes*, No. 13-CV-6638-FPG, 2017 WL
19    130273, at *3 (W.D.N.Y. Jan. 13, 2017) ("the issues in this case—namely, the alleged use of
20    excessive force, discrimination, and denial of due process at a disciplinary hearing—are not
21    complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla.
22    Apr. 11, 2008) (same). Plaintiff's assertions that this case involve a "[failure] to intervene," "false
23    testimony," retaliation, "[seizure] of Federal Tax funds … and personal property," the denial of
24    medical care, "[seizure] of medical appliance walking cane," or "continuing violations of U.S.C.
25    Title 18 242 assaults from staff and inmates" (*see* Doc. 69 at 3-5) are simply incorrect. As noted
26    above, this case proceeds *only* on Plaintiff's excessive force claims against Defendants Moreno,
27    Randolph, Romero, and Valladolid.

28    To the extent Plaintiff relies upon his indigency and/or incarceration to support his

5

1  motions, those circumstances do not qualify as exceptional circumstances warranting the
2  appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at
3  *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional
4  circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P,
5  2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no
6  bearing on either his likelihood of success on the merits or his ability to articulate his claims pro
7  se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan.
8  11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same
9  obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL
10 6448536, at *3 (E.D. Cal. Dec. 10, 2018) (same).

11     As concerns Plaintiff's assertion that his access to the law library is extremely limited, this
12 too is not an exceptional circumstance warranting the appointment of counsel. *See, e.g.*, *Rocha v.*
13 *Monroe*, No. 1:24-cv-00446 KES GSA (PC), 2025 WL 2616840, at *1 (E.D. Cal. Sept. 10, 2025)
14 (denying plaintiff's motion for appointment of counsel where access to law library was
15 "extremely limited"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8
16 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal
17 education and *limited law library access*, do not establish exceptional circumstances that warrant
18 a request for voluntary assistance of counsel" [italics added]).

19     To the extent Plaintiff contends harassment or retaliation warrants the appointment of
20 counsel, he is mistaken. *See, e.g.*, *Cortez v. McGhee*, No. 1:24-cv-00941 GSA (PC), 2025 WL
21 401217, at *2 (E.D. Cal. Jan. 24, 2025) (denying counsel where plaintiff asserted he was "being
22 retaliated against"); *Calloway v. YouSee*, No. 1:21-cv-01450-JLT-BAM, 2023 WL 4711035, at
23 *2-3 (E.D. Cal. July 24, 2023) (denying counsel where plaintiff asserted counsel would "stop the
24 imminent threat of retaliation, injuries, or death"); *Marsala v. Diaz*, No. 1:22-cv-00843-BAM
25 (PC), 2022 WL 2818737, at **1 (E.D. Cal. July 19, 2022) (denying counsel where plaintiff
26 asserted he had "been harassed, ridiculed, and retaliated against when interacting with staff");
27 *Reed v. Paramo*, No. 18cv361-JLS-LL, 2020 WL 8483902, at *2 (S.D. Cal. Jan. 10, 2020)
28 (same).

Next, Plaintiff asserts he has suffered injuries affecting his mental acuity warranting the appointment of counsel. Nonetheless, such circumstances do not typically warrant the appointment of counsel. *See, e.g.*, *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, *mental illness and disability*, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel" [italics added]); *Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence"); *McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009) (same).

To the extent Plaintiff declares this case "will require expert testimony" (Doc. 69 at 5), this too is not an exceptional circumstance warranting the appointment of counsel. *Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, *or the potential necessity of an expert witness* are common to almost all prisoners and, as such not extraordinary" [italics added]); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases"). Furthermore, Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No.

7

12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2. *See also Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

To the extent Plaintiff contends he has "(150) pitchess victims of Corcoran S.H.U. on (3) of the defendants" (*see* Doc. 69 at 5) as a basis for the appointment of counsel, the Court is not persuaded. First, Plaintiff assumes he would be permitted to present the testimony of these purported victims but that assumption is premature and does not amount to an exceptional circumstance warranting the appointment of counsel. That an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *see Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (same).

Next, while the Court appreciates Plaintiff's efforts to secure counsel, his inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel;

8

the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel. Plaintiff's motions for the appointment of counsel are denied.

### Additional Requests

Plaintiff asks the Court to "[a]mend cover page to read" only Defendants Moreno, Randolph, Romero, and Valladolid "as only defendants." (Doc. 54 at 5.) The request is denied. The caption for this action will remain unchanged until the matter is set for trial, and the Court deems recaptioning necessary.

Plaintiff requests "stipulations to produce x-rays, doctors names and any information …by next day or two medical examinations in camera with a A.D.R. magistrate, Deputy attorney [General], phone dispute resolution w/plaintiff, by phone for evidence." (Doc. 54 at 5.) Plaintiff's request is denied. The Court does not itself conduct discovery; discovery is conducted by the parties themselves. (*See* Doc. 3 at 4-5 [First Informational Order issued 8/13/2020].) Plaintiff may seek relevant evidence by way of discovery. The Court issued its Discovery and Scheduling Order on August 5, 2025, including relevant information and associated deadlines. (*See* Doc. 75.) Moreover, Defendants opted out of early alternative dispute resolution (Docs. 45 & 46) and the undersigned will not require or order Defendants to participate in a settlement conference at this stage of the proceedings.

Plaintiff also seeks "Any action all ready taken by the State of California D.O.J. and Office of the Inspector General with complete specificity any disciplinary action contained therein personnel files" for Defendants "on 6-10-20 of similar nature." (Doc. 54 at 5.) Plaintiff's request is denied. Again, Plaintiff may seek relevant evidence by way of discovery. Plaintiff should carefully review the Court's Discovery and Scheduling Order, as well as the First Informational Order in Prisoner/Civil Detainee Civil Rights Case for more information.

Finally, the Court notes Plaintiff's various references to the criminal proceedings in the Kings County Superior Court and his assertions concerning improprieties in those proceedings. (*See, e.g.*, Doc. 53 at 2-3; Doc. 54 at 2-3; Doc. 55.) Again, this case involves only Plaintiff's Eighth Amendment excessive force claims against Defendants Moreno, Randolph, Romero, and

Valladolid. It does not involve any claims involving the state court criminal proceedings, nor does it involve any other section 1983 claims. Stated another way, this case does not involve any claims pertaining to Eighth Amendment deliberate indifference to serious medical needs, failure to intervene, or conditions of confinement, First Amendment retaliation or access to courts, Fourteenth Amendment due process, or any other claims arising under federal or state law.

### III.   CONCLUSION AND ORDER

For the reasons stated above, the Court **HEREBY ORDERS**:

1. Plaintiff's motion titled "Plaintiffs Declaration for Motion to Amend and Request for Protective Order; Order to Disclose Recent Serious Head Injury from In Custody Assaults" filed March 4, 2024 (Doc. 53) is **DENIED**;

2. Plaintiff's motion titled "Motion for Leave to Remove E. Silva from Amended Complaint Rule 15(a)" filed March 4, 2024 (Doc. 54) is **DENIED**;

3. Plaintiff's filing titled "Plaintiffs Stipulations to D.A.G. Propose Order, and Named [Defendants] Final Amendments, [dismissing] the name SILVA, et al." of March 4, 2024 (Doc. 55) is **DENIED**; and

4. Plaintiff's motion titled "Motion for Appointment of Counsel" filed April 14, 2025 (Doc. 69) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 15, 2025**

UNITED STATES MAGISTRATE JUDGE