UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT LUTE, | Case No. 1:20-cv-01122-CDB (PC) |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S FILING OF FEBRUARY 4, 2026** |
| v. | |
| E. SILVA, et al., | |
| Defendants. | |

Plaintiff Christopher Robert Lute is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants E. Moreno, A. Randolph, E. Romero and O. Valladolid.

**I.      INTRODUCTION**

On February 4, 2026, Plaintiff filed a Motion to Compel Discovery. (Doc. 80.) The motion will be decided following completed briefing and in due course. *See* Local Rule 230(*l*).

Following a preliminary review of the motion, the Court notes two issues. First, in a declaration attached to Plaintiff's motion, Plaintiff asks: "Can I get an order to supply plaintiff with indigent status: Postage and Copies or money approved thru this Countys Sheriffs Dept. Jail?" (*See* Doc. 80 at 4, ¶ 4.) Second, Plaintiff declares: "Lastly my motion for appointment of

Counsel is yet to be Ruled On By Your Court your Honor CDB. … Can you appoint counsel, PLEASE." (*Id.*, ¶ 5.)

## II.    DISCUSSION

First, the Court notes that Plaintiff's motion for the appointment of counsel was denied on September 16, 2025. (*See* Doc. 77 at 4-9.) Further, this Court continues to find the appointment of counsel unwarranted. *See Carey v. Booza*, No. 2:24-cv-1717 DC AC, 2025 WL 376880, at *1 (E.D. Cal. Dec. 30, 2025) ("The court has already denied a motion to appoint counsel in this case … and continues to find appointment of counsel inappropriate"). Regarding this request, neither Plaintiff's pro se standing nor *in forma pauperis* status entitle him to receive complimentary copies, postage, or funds for that purpose. *See, e.g., Delphin v. Morley*, No. 1:19-cv-01076-JLT-SKO (PC), 2023 WL 266524, at *1 (E.D. Cal. Jan. 18, 2023) ("While 28 U.S.C. § 1915 gives the court authority to allow an indigent plaintiff to pay the filing fee over time from his inmate trust account, it does not give courts the authority to order the payment of a plaintiff's associated court costs"); *Felix v. Clendenin*, No. 1:19-cv-01784-AWI-BAM (PC), 2021 WL 9666619, at *2 (E.D. Cal. Aug. 26, 2021) ("Plaintiff is informed that litigants proceeding in forma pauperis are still responsible for paying for their own copies and postage when sending documents and motions to the Court"); *Blair v. CDCR*, No. 1:14-cv-01156-LJO-SAB (PC), 2018 WL 1959532, at *6 fn. 2 (E.D. Cal. Apr. 25, 2018) ("a litigant permitted to proceed in forma pauperis, such as in this case, is merely permitted to file his lawsuit without payment of the filing fee. See 28 U.S.C. § 1915"). And, as Plaintiff was advised in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued August 13, 2020, "[t]he Court will not make copies of filed documents or provide postage or envelopes for free even for parties proceeding in forma pauperis." (*See* Doc. 3 at 3.)

Separately, Plaintiff's request seeks an order from this Court directing officials at the Robert Presley Detention Center in Riverside, California, where Plaintiff is presently detained, to provide Plaintiff with free copies and postage. Even if Plaintiff's request was appropriately made in a separate motion, it would be denied because Plaintiff's claims here concern his Eighth Amendment excessive force claims against Defendants Moreno, Randolph, Romero, and

Valladolid, who are all employed at California State Prison, Corcoran. Thus, the Court lacks jurisdiction over officials at the jail in Riverside. *See, e.g.*, *Davis v. State of California*, No. 1:18-cv-00832-DAD-BAM (PC), 2020 WL 374434, at *1 (E.D. Cal. Jan. 23, 2020) (construing pro se and IFP prisoner's request for order requiring CDCR to provide him with envelopes, stationary, and pens, on the basis he is an indigent pro per inmate to be a motion seeking preliminary injunctive relief, and denying relief because the court lacked jurisdiction over individuals who were not parties to the action); *Sandoval v. Lopez*, No. 1:23-cv-00248 JLT SKO (PC), 2024 WL 4682584, at *3 (E.D. Cal. Oct. 8, 2024) ("Even assuming Plaintiff was improperly denied envelopes and stamps as an indigent pro se litigant, those claims must be presented in a separate lawsuit for they are unrelated to Plaintiff's claims in this action. Plaintiff is asserting Eighth Amendment claims against the named Defendants, who are or were employed at the Substance Abuse Treatment Facility in Corcoran. Those claims are unrelated to any First Amendment claims concerning mail, stationary, or access to courts arising at Mule Creek State Prison"); *Leen v. Cueva*, No. 2:20-cv-2231-JDP (PC), 2020 WL 8611036, at *1 (E.D. Cal. Dec. 2, 2020) (same).

Finally, out of an abundance of caution and as a *one-time courtesy*, the Clerk of the Court will be directed to serve Plaintiff with another copy of the Court's order denying counsel.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  Plaintiff's request for copies and/or postage is **DENIED**; and

2.  The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of the Court's September 16, 2025, order (Doc. 77), as a one-time courtesy.

IT IS SO ORDERED.

Dated:    **February 5, 2026**                          _____
                                                        UNITED STATES MAGISTRATE JUDGE

3