UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER ROBERT LUTE,

Plaintiff,

v.

E. SILVA, et al.,

Defendants.

Case No. 1:20-cv-01122-CDB (PC)

**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**

(Doc. 83)

Plaintiff Christopher Robert Lute is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants E. Moreno, A. Randolph, E. Romero and O. Valladolid.

**I.      RELEVANT BACKGROUND**

On August 5, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 75.) In relevant part, the deadline for the completion of discovery was set for April 5, 2026, and the deadline for filing dispositive motions was set for June 15, 2026. (*Id*. at 2-3.)

On February 4, 2026, Plaintiff filed a motion to compel. (Doc. 80.) The unopposed motion remains pending disposition by the Court.

On February 23, 2026, Defendants filed their Notice of Change in Designation of Counsel for Service and Request to Terminate Janet N. Chen from Service List. (Doc. 82.) Deputy

Attorney General Neda I. Boyd became counsel of record for Defendants. (*Id.*)

On March 3, 2026, Defendants filed the subject motion to modify the scheduling order. (Doc. 83.) By their motion, Defendants seek a 30-day extension of the deadlines for the completion of discovery and the filing of dispositive motions. (*Id.* at 3-5.)

The Court deems any response by Plaintiff unnecessary.

## II.    DISCUSSION

Defendants ask the Court to modify the scheduling order by extending the deadlines for the completion of discovery to May 5, 2026, and for the filing of dispositive motions to July 15, 2026. The request is supported by the Declaration of Neda I. Boyd. Ms. Boyd was assigned to this action on February 18, 2026, and "requires additional time to review all case documents and records, analyze discovery requests and responses, and prepare to take Plaintiff's deposition" despite former counsel having diligently litigated the action, including conducting discovery. Defendants assert additional time is also necessary to allow for preparation of a deposition transcript and Plaintiff's review thereof. Defendants further assert they "will be prejudiced in litigation their case if the Court denies their request for an extension of time," and that Plaintiff will not suffer prejudice, but "rather it will ensure Plaintiff has adequate time to review his deposition transcript and request any necessary changes" before the deadline expires.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

The Court finds good cause to modify the scheduling order. It will extend the deadlines for the completion of discovery and the filing of dispositive motions.

## III.    CONCLUSION AND ORDER

For good cause shown, the Court **HEREBY ORDERS**:

1.  Defendants' motion to modify the scheduling order (Doc. 83) is **GRANTED**; and

2

2. The Discovery and Scheduling Order is **MODIFIED** as follows:

    a. The deadline for the completion of discovery is extended from April 5, 2026, to **May 5, 2026**;

    b. The deadline for the filing of dispositive motions is extended from June 15, 2026, to **July 15, 2026**.

IT IS SO ORDERED.

Dated:    **March 4, 2026**                                 

                                        UNITED STATES MAGISTRATE JUDGE

3