UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT LUTE, | Case No. 1:20-cv-01122-CDB (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| v. | (Doc. 80.) |
| E. SILVA, et al., | |
| Defendants. | |

Plaintiff Christopher Robert Lute is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants E. Moreno, A. Randolph, E. Romero and O. Valladolid.

## I.    RELEVANT BACKGROUND

On February 4, 2026, Plaintiff filed a Motion to Compel Discovery. (Doc. 80.)

On March 6, 2026, Defendants filed a motion for an extension of time *nunc pro tunc* to oppose Plaintiff's motion to compel. (Doc. 85.)

On March 10, 2026, the Court issued its Order Granting Defendants' Motion for an Extension of Time *Nunc Pro Tunc* to File an Opposition to Plaintiff's Motion to Compel. (Doc. 86.) It determined prior counsel's mistake and carelessness amounted to excusable neglect and directed Defendants to file an opposition no later than March 12, 2026. (*Id*. at 2-5.)

Later on March 10, 2026, Defendants filed their opposition to Plaintiff's motion to compel. (Doc. 87.)

On March 31, 2026, Plaintiff filed a reply to Defendants' opposition. (Doc. 90.)

## II.   DISCUSSION

### A.  Summary of the Parties' Briefing

#### *Plaintiff's Motion to Compel Discovery*

Plaintiff asserts he served "a Request for Interrogatories rule 33 and Request for Production of Documents rule 34 together" on November 3, 2025 (Doc. 80 at 2, 5-6.) Plaintiff declares that as of January 19, 2026, "counsel for defendants did not respond at all. Further counsel for defendants did not answer Interrogatories No. 1 thru 8." (*Id.* at 2.) Plaintiff asserts Defendants' responses to certain interrogatories and requests are incomplete and evasive. (*Id.* at 2-3.) Next, Plaintiff contends a *Pitchess*[1] motion filed in the Kings County Superior Court is within Defendants' control and should have been produced. (*Id*. at 7.) Further, Plaintiff asserts Defendants' objections and claims of privilege are frivolous and that the information he seeks is relevant. (*Id*. at 7-12.) Plaintiff concludes that "Interrogatories 1-thru 8, and Production Requests 1-thru 8 should be produced …." (*Id*. at 12-13.)

Attached as exhibits to Plaintiff's motion are the following: Exhibit 1: Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents (Doc. 80 at 15-23), Defendant O. Valladolid's Response to Interrogatories Set One (*id*. at 23-28), Defendant A. Randolph's Response to Interrogatories Set One (*id*. at 29-34), Defendant E. Moreno's Response to Interrogatories Set One (*id*. at 35-40), Defendant E. Romero's Response to Interrogatories Set One (*id*. at 41-46); and Exhibit 2: correspondence dated June 20, 2025, from attorney Jim A. Trevino (*id*. at 49), a Kings County Superior Court minute order dated June 20, 2025, in case number 20CMS-1757 (*id*. at 50-52), and a Kings County Superior Court minute order dated December 20, 2023, in case number 20CMS-1757 (*id*. at 53-55).

---

[1] *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974).

***Defendants' Opposition***

Defendants generally contend the Court should deny Plaintiff's motion because they timely objected and responded to Plaintiff's discovery requests. (Doc. 87 at 1.) Further, Defendants state certain responsive records could not be delivered to Plaintiff at "the jail he currently [is] incarcerated at due to the volume of records" and that an alternative method to provide those records is ongoing. (*Id.*)

More specifically, Defendants contend Plaintiff "improperly combined interrogatories and requests for production of documents in a single set that was served on all Defendants." (Doc. 87 at 3.) Defendants state that "many of the individual requests themselves also contained both types of requests." (*Id.*) Nevertheless, Defendants state they properly objected on that basis and, as a courtesy, "did their best to parse out Plaintiff's requests and respond accordingly …." (*Id.*) Next, Defendants argue they timely objected and responded to Plaintiff's requests on November 4, 2025, contrary to Plaintiff's assertion that Defendants did not respond. (*Id.* at 4.) Defendants further note that Plaintiff's motion seeks production of documents for eight requests, but Plaintiff "only propounded seven requests." (*Id.*) Defendants argue that Plaintiff's motion to compel is deficient because Plaintiff did not reproduce each request and response or indicate why he believed it was defective. (*Id.*) Defendants state "Plaintiff makes various arguments regarding various categories and types of documents and information, sometimes without referencing the request by number and sometimes only by referencing the request by number." (*Id.*) Therefore, Defendants chose to "address each category or type of document or information" identified in Plaintiff's motion. (*Id.* at 4-12 [post orders; suspensions, reprimands or terminations; identification of agency in possession of personnel files; Kings County Superior Court information; Office of Inspector General documents].) Defendants' opposition is supported by the Declaration of Janet N. Chen, former counsel of record for Defendants, and Exhibits A through E. (*Id.* at 13-35.)

***Plaintiff's Reply***

In reply, Plaintiff "submits responsive analysis of documents received from D.A.G. M.

Bhangu on 3-11-26."[2] (Doc. 90 at 1.) Plaintiff states the "received 'Post-Orders'" lack names. (*Id.*) He contends a "sign-in sheet … does not show any defendants were on location at CSP-Corcoran, Yard 4A-2L cell 44." (*Id.*) Plaintiff states: "Their incident report Exhibit-01 By Lieut A. Randolph called Internal Affairs and Office of Inspector General on or about 6-11-2020 at 1746 Hrs. And 1747." (*Id.* at 1, 4.) Plaintiff contends the "responsive documents do not have the video-taped interview from 2-sargents from Bakersfield O.I.G. office on 6-11-2020." (*Id.* at 4.) Plaintiff further contends Defendants' responses are "[a]ll insufficient to Question No. 04, 06, 07, 08, 09," referring to his first set of interrogatories. (*Id.*) Next, Plaintiff asserts "Defendants have not copied side 2 of 602" or "provided the results from Sacramento Chief of inmate appeals …." (*Id.*) Citing to Title 15 of the California Code of Regulations, "sections 3268 and 3268.2," Plaintiff alleges "mishandling evidence with appeal No. 4691." (*Id.*)

Next, Plaintiff asserts he has enclosed the "original" of Lieutenant Randolph's incident report "showing plaintiff was the victim of a serious bodily injury and calls were made to 'Internal Affairs' and 'Office of Inspector General,' proof these documents exist" and that Defendants have not complied. (Doc. 90 at 4.) Plaintiff states he has also included "a copy of side 2 of inmate grievance … missing from D.A.G. Bhango response." (*Id.* at 6.)

Plaintiff contends "Exhibit 03 shows a copy of 602 side 01. Sargent Doe-1 was identified as E. Moreno and his name was written in ink on line 2 of section A. Sargent Doe-2 was never identified and is not named as violating [his] civil rights." (Doc. 90 at 6.) Plaintiff states Doe 2 "was a white sargent named Brazelton" and that "[t]he ink was removed on the 602, identifyin[g] E. Moreno." (*Id.*) Plaintiff states the "missing side 2 of inmate grievance would show date of signature at the Third Level. Mailed to: Chief of inmate Appeals in Sacramento" and that "[n]o response has ever been forwarded to" Plaintiff. (*Id.*)

Next, Plaintiff states he "has no equal access to" the documents he seeks in request for production number 7, to wit: "the granted Pitchess Motion Case No. CMS-1757 and CMS-4920" and "[n]ames of [witness] lists tendered by counsel as criminal trial was dismissed in the interest

---

[2] As reflected on the docket for this action, Ravpreet K. Bhangoo has not represented Defendants since February 4, 2026. Defendants are represented by Neda L. Boyd.

of justice for constitutional violations." (Doc. 90 at 6.) Plaintiff "requests a 'Protective Order' to all herein." (*Id.*) Plaintiff then states: "Request No. 08 No documents from. This request [indecipherable] all documents relating to the investigation by the Office of the Inspector General for incident pkg. No. 8263." (*Id.* at 6, 8.) He states: "Please provide copy of incident pkg. and grant the motion to compel production whereas these requests go to the very heart of evidence and [witness] lists." (*Id.*) Plaintiff contends "defensive argument cannot be reasonably litigated with missing back-side of inmate (602) when exhaustion becomes relevant." (*Id.*) Plaintiff "declare[s] under oath [he] did all that was possible to fulfill [his] obligation to complete all steps thru the third-level to Chief of Inmate Appeals" and attests that all of his legal documentation is in "CSP-Kern Valley." (*Id.*) He argues rejected, cancelled, or redirected appeals are "effectively exhausted pursuant to intake at Sacrament letters about grievances during the Armstrong v. Newsom lawsuit …." (*Id.*)

In conclusion, Plaintiff argues Defendants' responses "have been either half a page of two-sides or non-[existent] investigative reports from State Agencies who[] oversee inmate 'Staff Complaints,' Excessive Force and Appeal-Coordinator-Staff [Misconduct], [Independent] Retention of records" and asks the Court to grant his motion. (Doc. 90 at 9.)

### B.  The Applicable Legal Standards

The Court has broad authority to manage its docket and control discovery.  *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery").

A motion to compel is appropriate where a party fails to answer interrogatories and/or to produce relevant, non-privileged documents requested pursuant to Rule 34 that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovering party may move for an order compelling production. *Id.* An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P 37(a)(4).  The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the

defendants' responses are deficient.

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating that the objections are unjustified. *See, e.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at \*1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at \*3 (E.D. Cal. Dec. 21, 2011). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at \*1; *Womack*, 2011 WL 6703958, at \*3. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at \*1 (E.D. Cal. May 9, 2008).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

### C. Analysis

Initially, the Court agrees with Defendants that Plaintiff's discovery requests improperly combined two discovery tools: interrogatories and requests for production of documents. The Federal Rules of Civil Procedure address these tools separately: Rule 33 concerns interrogatories to parties and Rule 34 concerns the production of documents, electronically stored information and tangible things, or entering onto land, for inspection and other purposes.[3] Further, Rule 37

---

[3] This Court's Local Rules also treat interrogatories and the production of documents separately. *See* Local Rules 250.2 and 250.3.

6

provides that a motion to compel "may be made if … (iii) a party fails to answer an interrogatory submitted under Rule 33; *or* (iv) a party fails to produce documents or fails to respond that inspection will be permitted …." *See* Fed. R. Civ. P. 37(a)(3)(B) (emphasis added). Thus, the Federal Rules of Civil Procedure support the notion that interrogatories and requests for production of documents are separate discovery tools that should not be combined into a single discovery request. Rather, the party seeking discovery should serve a party or parties with interrogatories separately from any document production request. *See, e.g.*, *Pattison v. Sandoval*, No. 3:20-cv-00287-MMD-WGC, 2021 WL 12178002, at *  (D. Nev. Sept. 8, 2021) ("The court has not been able to uncover any decision which approves of combining Interrogatories and Requests for Production and Requests for Admissions, nor has the undersigned in his experience while practicing law for 35 years and while on the Bench for ten+ years seen discovery authorized by Rules 33, 34 and 36 used in this fashion. The court does not approve of combining discovery requests into one document as may have been suggested by the authors of this 'Handbook'"); *Livingston-Gross v. Bank of America N.A.*, No. 3:09-0105, 2009 WL 1362280, at *1 (M.D. Tenn. May 13, 2009) (clarifying for pro se plaintiff that interrogatories, requests for admissions and requests for production of documents "are separate categories" of discovery); *Kettering v. Chaves*, No. 07-cv-01575-REB-KLM, 2008 WL 2095527, at *2  (D. Colo. May 12, 2008) ("Plaintiff shall make separate requests for production of documents and interrogatories, numbering each separate request. If a request contains both a document request and an interrogatory, Defendants are not required to respond to it").

Despite the fact Plaintiff improperly combined interrogatories and requests for production of documents into a single discovery request directed to multiple Defendants, the Court will address the requests for production of documents and interrogatories separately in a manner similar to that employed by Defendants.

### *The Request for Production of Documents*

RPD No. 1:[4]

State the duties of defendants, and produce the documents of last date

---

[4] Defendants clarify this request was "[l]abeled as no. 3 in Plaintiff's original request."

of employment after June 10, 2020. In addition of any suspensions or terminations contained in their [personnel] files related to 6/10/20 in Corcoran S.H.U. at 4A, 21-44 w/plaintiff.

Response to RPD No. 1:

Objection. This request improperly combines an interrogatory with a request for production of documents. Defendants respond only to the portion of the request seeking documents. Defendants respond separately to the portion of the request that asks an interrogatory. *See* Responses to Interrogatories. This request is also compound, vague, and unintelligible as to "documents of late date of employment after June 10, 2020," vague and unintelligible as to "of any suspensions or terminations contained in their [personnel] files related to 6/10/20 in Corcoran S.H.U. at 4A, 21-44 w/plaintiff," and vague and unintelligible in its entirety. To the extent it seeks Defendants' entire personnel record, the request is impermissibly broad and burdensome, and seeks irrelevant information that is not related to any claim or defense, will not lead to the discovery of admissible evidence, and is not proportional to the needs of the case. The request also seeks inadmissible character evidence and—to the extent it calls for documents contained in Defendants' personnel files—calls for information protected by the official information privilege, Defendants' right to privacy, California Penal Code section 832.7 and 832.8, California Code of Civil Procedure section 1798 *et seq*, California Government Code section 3300-3313 and 6254, and California Evidence Code section 1040, 1041, and 1043.
Without waiving any objection, Defendants respond as follows. In response to the portion of the request seeking documents "of last date of employment after June 10, 2020," no responsive records exist as Defendants continue to be employed with CDCR. In response to the remainder of the request, no responsive records exist as no Defendants were suspended or terminated as a result of the June 10, 2020 incident.

(Doc. 80 at 16-17.)

Ruling re RPD No. 1

To the extent Plaintiff contends Defendants failed to respond to his request, he is mistaken. Defendants asserted timely objections and provided a response: that there exist no responsive documents. In other words, there are no "documents of last date of employment after June 10, 2020" because the Defendants remain employed by CDCR. Nor are there any documents concerning any Defendant being "suspended or terminated as a result of the June 10, 2020 incident" because the Defendants were not suspended or terminated. The Court cannot order a party to produce documents that do not exist. *See, e.g.*, *Hoffman v. Jones*, No. 2:15-cv-1748-EFB P, 2017 WL 5900086, at *12 (E.D. Cal. Nov. 30, 2017) ("Defendant states that no log exists, and

8

the court cannot compel the production of material that does not exist … the court accepts

defendant's contention that no log exists"); *Jacobs v. Quinones*, No. 1:10-cv-02349-AWI-JLT

(PC), WL 3717542, at *6 (E.D. Cal. June 12, 2015) ("Plaintiff's dissatisfaction with the response

does not equate to an insufficient response"). Therefore, Plaintiff's motion will be denied as

concerns RPD No. 1.

RPD No. 2:

> State the name of the agency whom maintains possession of [permanent] disciplinary actions contained in their [personnel] files.

Response to RPD No. 2:

> Objection. This request improperly asks an interrogatory. The request is also vague and unintelligible as to "permanent disciplinary actions contained in their [personnel] file" and in its entirety. Based on the objections, Defendants will not respond. *See* Responses to Interrogatories.

(Doc. 80 at 17.)

Ruling re RPD No. 2

Plaintiff's request is not one for the production of documents; rather it essentially asks

Defendants to create a document identifying "the agency who[] maintains possession of

[permanent] disciplinary actions contained in their [personnel] files." Thus, the request is not a

proper request. *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000) (explaining that a party is

not required under Rule 34 to prepare new documents solely for their own production); *Data on

Tap Inc. v. Mobile X Global, Inc.*, No. 2:24-cv-08454-cv-MAR, 2026 WL 1455988, at * __ (C.D.

Cal. Mar. 30, 2026 ("To the extent that such documents do not exist, there is no duty for Plaintiff

to create documents purely for discovery."); *Becker v. Dahl*, No. CIV S-10-0519 FCD EFB P,

2011 WL 121697, at *2 (E.D. Cal. Jan. 13, 2011) ("a request for production of documents seeks

documents, while an interrogatory is a question seeking a written response"). Therefore,

Plaintiff's motion will be denied as concerns RPD No. 2.

RPD No. 3:

> State the procedure in effect for (C.D.C.R.) during 2020 through 2025 for responding to inmate generated staff complaint regarding "False Reports" and "Excessive Force." The procedure for handing

such (602) § 148.6 and I attest breach of duty therein under PC § 832.5, set forth in any directive manual or other document, produce the documents.

Response to RPD No. 3:

Objection. This request improperly asks an interrogatory along with a request for production. Defendants respond only to the portion of the request seeking documents. Defendants respond separately to the portion of the request that asks an interrogatory. *See* Responses to Interrogatories. This request is also vague and unintelligible as to "procedure for handing such (602) § 148.6 and I attest breach of duty therein under PC § 832.5, set forth in any directive manual or other document" and in its entirety. Without waiving any objection, Defendant responds as follows. Defendants will produce the relevant section(s) of Title 15. Without a clearer request, Defendants are unable to respond further to this request.

(Doc. 80 at 17.)

Ruling re RPD No. 3

Defendants' objection that the "request is also vague and unintelligible as to 'procedure for handling such (602) § 148.6 and I attest breach of duty therein under PC § 832.5, set forth in any directive manual or other document" is sustained. It is unclear what information beyond the applicable sections of Title 15 that Plaintiff sought. On that basis, Plaintiff's motion to compel concerning RPD No. 3 will be denied.

RPD No. 4:

Additionally state procedure for deciding medical grievances if it is different from staff-complaint, produce the documents for (602) staff-complaint #4691., or the results therein, of facts relating to the operative actionable information from Case No. CMS-1757; CM-4920. Please make available to plaintiff.

Response to RPD No. 4:

Objection. This request improperly asks an interrogatory along with a request for production. Defendants respond only to the portion of the request seeking documents. Defendants respond separately to the portion of the request that asks an interrogatory. *See* Responses to Interrogatories. This request is also compound, and vague and unintelligible as to "or the results therein, of facts relating to the operative/actionable information from Case No. CMS-1757; CM-4920" and in its entirety. To the extent Plaintiff seeks the investigation that was conducted in response to grievance log no. 4691, the request seeks confidential information that is protected from disclosure by the official information privilege. Without

10

waiving any objection, Defendants respond[] as follows. Defendants will produce the relevant section(s) of Title 15. Defendants will also produce the non-confidential portion of grievance log no. 4691 and the related responses. *See* Privilege Log. Without a clearer request, Defendants are unable to respond further to this request.

(Doc. 80 at 18.)[5]

Ruling re RPD No. 4

Defendants' objection that the request is "compound, and vague and unintelligible as to 'or the results therein, of facts relating to the operative/actionable information from Case No. CMS-1757; CM-4920'" is sustained. It is unclear what information beyond the non-confidential documents produced by Defendants is at issue. On that basis, Plaintiff's motion to compel concerning RPD No. 4 will be denied.

RPD No. 5:

Make available the § 1043-47 granted Pitchess Motion in Case No. CMS-1757 and the witness names and info contained in Defendants [personnel] file, ordered by Court approx..: 150 similar inmates whom had false charges or excessive force complaints lodged against them 5 years prior to June 10, 2020. Please produce those names to prepare for trial whose testimony is admissible.

Response to RPD No. 5:

Objection. The request is argumentative and assumes facts, i.e., that a Pitchess motion was granted in another case, that the Court ordered documents and information in that case to be produced, that there are "150 similar inmates whom had false charges or excessive force complaints lodged against them," that Plaintiff had "false charges or excessive force complaints lodged against him," and that the requested witnesses' testimony is admissible. The request is also compound. The request is vague and ambiguous as to "the § 1043-47 granted Pitchess motion" and "the witness names and info contained in Defendants [personnel] file, ordered by Court approx..: 150 similar inmates whom had false charges or excessive force complaints lodged against them 5 years prior to June 10, 2020," and vague and unintelligible in its entirety. The request is vague as to "Case No. CMS-1757." The requested "order" is also equally available to Plaintiff, who is a criminal defendant in Kings County Superior Court, Case No. CMS-1757. Further, any documents ordered to be produced to Plaintiff's attorney in that [case] are subject to a protective order in that case and thus cannot be disclosed to Plaintiff in this case. Based on the above objections, Defendants will not respond to this request.

---

[5] Defendants' Privilege Log (*see* Doc. 80 at 22) identifies the following: "Confidential Allegation Inquiry Conducted by Office of Internal Affairs (OIA) Allegation Inquiry Management Section (AIMS) – Investigation into Grievance Log No. 4691." Counsel for Defendants and California State Prison, Corcoran are in possession of the document.

(Doc. 80 at 19.)

Ruling re RPD No. 5

Defendants' objections to this request on the bases of "argumentative and assumes facts" are well taken. Nevertheless, the Court will sustain Defendants' objection on the basis that the documents related to and included in any "Pitchess Motion" heard in Kings County Superior Court case number 20CMS-1757 are equally available to Plaintiff as the defendant in that action. Plaintiff's continued bald assertions that this information is not available to him, in the absence of an indication that Plaintiff made a request for copies to the Kings County Superior Court and that the request was denied, or that Plaintiff requested this same information from his criminal defense attorney in that action but his request was refused.[6] Plaintiff's motion to compel concerning RPD No. 5 will be denied.

RPD No. 6:

> Any and all documents created by the Office of the Inspector General regarding appeal #602 #4691 for: (1) reprimands, (2) suspension, (3) terminations, (4) arrest/imprisonments.

Response to RPD No. 6:

> Objection. This request seeks confidential personnel records and documents protected by the right to privacy, the official information privilege, California Penal Code sections 832.7 and 832.8, California Code of Civil Procedure section 1789 *et seq*, California Government Code sections 3300-3313 and 6254, and California Evidence Code sections 1040, 1041, and 1043. Without waiving any objection, Defendants respond as follows. No responsive documents exist because no Defendant was reprimanded, suspended, terminated, or arrested and/or imprisoned as a result of grievance log no. 4691.

Ruling re RPD No. 6

Again, the Court cannot order a party to produce documents that do not exist. *See Hoffman*, 2017 WL 5900086, at *12; *Jacobs*, WL 3717542, at *6. On that basis, Plaintiff's

---

[6] Plaintiff's motion includes a June 20, 2025, letter addressed to Plaintiff from his defense attorney (Jim A. Trevino) as concerns Kings County Superior Court case numbers 20CMS1757 and 20CM4954. (*See* Doc. 80 at 49.) In that correspondence, Mr. Trevino provided Plaintiff with a written response following Plaintiff's telephone call to his office. Specifically, Mr. Trevino's letter advises Plaintiff he has filed a motion to dismiss the case "due to the fact" Plaintiff was "not being transported to court," notified Plaintiff the motion was "heard today and was granted," and stated that once "a copy of the minute order" was received, it would be provided to Plaintiff. Nothing in this June 2025 letter indicates Plaintiff sought documents regarding the purported "Pitchess Motion" or that his request for such materials was denied by Mr. Trevino. However, the letter is notable for it is apparent Mr. Trevino responds to Plaintiff's inquiries in a timely fashion and presumably provided a copy of a relevant document for Plaintiff's records on at least one previous occasion.

motion to compel concerning RPD No. 6 will be denied.

RPD No. 7:

> Any and all documents created by C.D.C.R., or any other contractor within C.D.C.R. for:
>
> (a) Outside emergency room treatments from 2019 thru 2025 Aug.
>
> (b) (CT Scans), (x-rays) (M.R.I.s), cardiologist specialties exams, stress-tests, E.K.G.s
>
> (c) Neurologist results from head trauma
>
> (d) All E.R. trips while in custody of Riverside County Jail system from March 8, 2024 through Sept 2025 to Riverside University Health Care system.

Response to RPD No. 7:

> Defendants object to this request on the grounds it is overly broad as to time. Defendants further object on the grounds that Plaintiff's medical records are equally available to him as they are his records and he may make a request to his institution to obtain his records. The request is also compound and seeks documents that are not relevant to any party's claim or defense. For example, records of emergency room trips while in custody of Riverside County Jail from March 8, 2024, to September 2025, are not relevant to Plaintiff's claim which concerns an incident that occurred on June 10, 2020, at California State Prison, Corcoran. Without waiving any objection, Defendants respond as follows: Defendants will produce Plaintiff's medical records from January 1, 2020 (six months before the subject incident) to March 8, 2024 (when Plaintiff went "out to court"). Defendants are informed and believe that Plaintiff went "out to court" on March 8, 2024, and as of September 2025, was still out to court in Riverside County Jail; Defendants, including CDCR, do not receive records from any provider including jails while inmates are out to court and therefore those records are not in CDCR custody. Thus, Defendants do not have any records in their possession, custody, or control that are responsive to subpart (d). Based on the above objections, Defendants will not respond further to this request.

Ruling re RPD No. 7

The Court will sustain Defendants' objection on the basis that the medical documents or records relating to Plaintiff's medical care are equally available to Plaintiff.[7] "Where prison medical records are 'equally available to plaintiff, plaintiff must attempt to obtain them through the proper prison channels' before seeking court intervention based on a 'showing that he has

---

[7] *See also* Doc. 75 at 2 ("A moving party should not seek to compel production of documents which are equally available to that moving party …").

been unable to obtain these records on his own.'" *Jones v. Arnette*, No. 1:16-cv-01212 DAD GSA PC, 2021 WL 2073681, at *4 (E.D. Cal. May 24, 2021) (citing *Glass v. Diaz*, No. 1:04-CV-5953 AWI DLB P, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007)); *Singleton v. Hedgepath*, No. 1:08-cv-00095 AWI GSA PC, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) ("[T]he Court will not order Defendants to produce documents that are equally accessible to both parties ...").

Plaintiff's motion to compel as concerns RPD No. 7 will be denied.

### *The Interrogatories*

The Court quotes the questions and corresponding responses to Plaintiff's interrogatories to all Defendants by employing the response by Defendant Valladolid as the interrogatory responses by all Defendants are virtually identical.[8]

Question No. 1:

> State the duties of defendants, and produce the documents of last date of employment after June 10, 2020. In addition of any suspensions or terminations contained in their [Personnel] files related to 6/10/20 in Corcoran S.H.U. at 4A, 2L-44 w/plaintiff.

Response to Question No. 1:

> Objection. This request improperly combines an interrogatory with a request for production. Defendant responds only to the portion of the request that asks an interrogatory and does not respond to the remainder of the request which requests documents. Without waiving any objections, Defendant responds to the interrogatory as follows. In accordance with Federal Rule of Civil Procedure 33(d), in lieu of responding, Defendant produces his post order.

(Doc. 80 at 24.)

Ruling re Question No. 1

Plaintiff's motion will be denied. Defendants produced post orders in response to Plaintiff's request for a statement of duties. The remainder of the interrogatory was responded to in the form of a request for production of documents and the relevant ruling in that regard appears above.

---

[8] In one instance, it appears a typographical error occurred in Defendant Moreno's recitation of Plaintiff's Question No. 3: "The procedure for handling such (602) § 148.6 and as I attest breach of duty therein under P.C. 5832.5 [sic: 832.5." Plaintiff's handwritten notation of "sabatoge [sic: sabotage]" is not well taken. A minor clerical mistake does not equate to a deliberate effort to obstruct or damage.

14

Question No. 2:

> State the name of the agency whom maintains [possession] of [permanent] disciplinary actions contained in their [Personnel] Files.

Response to Question No. 2:

> Objection. This request is vague and ambiguous as to "possession of [permanent] disciplinary actions contained in their [personnel] files" and in its entirety. Without waiving any objection, Defendant responds as follows. Defendant's employer, the California Department of Corrections and Rehabilitation, maintains possession of Defendant's personnel files, including any disciplinary actions that may be contained therein.

(Doc. 80 at 24.)

Ruling re Question No. 2

Plaintiff's motion will be denied. Defendants identified the agency that maintains

possession of personnel files. The remainder of the interrogatory was responded to in the form of

a request for production of documents and the relevant ruling in that regard appears above.

Question No. 3:

> State the procedure in effect for (C.D.C.R.) during 2020 thru 2025 for responding to inmate generated staff-complaints regarding "False Reports" and "Excessive Force." The procedure for handing such (602) § 148.6 and as I attest breach of duty therein under P.C. 832.5, set forth in any directive manual or other document, produce the documents.

Response to Question No. 3:

> Objection. This request is compound and improperly combines an interrogatory with a request for production. Defendant responds only to the portion of the request that asks an interrogatory and does not respond to the request for production. The request seeks information that is equally available to Plaintiff. The second part of the request contains a statement and is vague and unintelligible as to "§ 148.6 and as I attest breach of duty therein under P.C. 832.5, set forth in any directive manual or other document." Without waiving any objection, Defendant responds as follows. In accordance with Federal Rule of Civil [P]rocedure 33(d), in lieu of responding, Defendant produces the relevant section(s) of Title 15.

(Doc. 80 at 24-25.)

Ruling re Question No. 3

Plaintiff's motion will be denied. Defendants produced the relevant portions of Title 15 of

15

the California Code of Regulations in response to Plaintiff's query relating to procedures for responding to staff complaints. Further, Defendants' objection to the language referencing "§ 148.6 and as I attest breach of duty therein under P.C. 832.5, set forth in any directive manual or other document" as vague and unintelligible is sustained. The remainder of the interrogatory was responded to in the form of a request for production of documents and the relevant ruling in that regard appears above.

Question No. 4:

Additionally state procedure for deciding Medical Grievances if it is different from staff-complaint, Produce the documents for (602) staff-complaint #4691., or the results therein of facts relating to the operative/actionable information from Case No. CMS-1757; CM-4920. Please make available to the plaintiff.

Response to Question No. 4:

Objection. This request is compound and improperly combines an interrogatory with a request for production. Defendant responds only to the portion of the request that asks for an interrogatory and does not respond to the request for production. See Defendants' Response to Plaintiff's Request for Production. The request also seeks information that is equally available to Plaintiff. Without waiving any objection, Defendant responds as follows. In accordance with Federal Rule of Civil [P]rocedure 33(d), in lieu of responding, Defendant procedures the relevant section(s) of Title 15.

(Doc. 80 at 25.)

Ruling re Question No. 4

Plaintiff's motion will be denied. Defendants produced the relevant portions of Title 15 of the California Code of Regulations in response to Plaintiff's query relating to procedures for responding to medical grievances. The remainder of the interrogatory was responded to in the form of a request for production of documents and the relevant ruling in that regard appears above.

Question No. 5:

Please make available the § 1043-47 Granted Pitchess motion in Case No. CMS-1757 and the witness names and info contained in Defendants [Personnel] File., Ordered by Court Approx.: 150 similar inmates whom had false charges or excessive force complaints lodged against them 5-years prior to June 10, 2020. Please produce those names to prepare or trial whose testimony is admissible.

Response to Question No. 5:

This request is compound and improperly combines an interrogatory with a request for production. Defendant responds only to the portion of the request that asks an interrogatory and responds separately to the request for production. Defendants' Responses to Plaintiff's Requests for Production.

(Doc. 80 at 26.)

Ruling re Question No. 5

Plaintiff's motion will be denied. This interrogatory was responded to in the form of a request for production of documents and the relevant ruling in that regard appears above.

Question No. 6:

Any and all documents created by the Office of Inspector General regarding Appeal # 60L - #4691 for:

1) Reprimands              2) Suspensions

2) Terminations            4) Arrests/Imprisonments

Response to Question No. 6:

Objection. This request is compound and improperly combines an interrogatory with a request for production. Defendant responds only to the portion of the request that asks an interrogatory and responds separately to the request for production of documents. Defendants' Responses to Plaintiff's Requests for Production.

(Doc. 80 at 26.)

Ruling re Question No. 6

Plaintiff's motion will be denied. This interrogatory was responded to in the form of a request for production of documents and the relevant ruling in that regard appears above.

Question No. 7:

Any and all documents created by C.D.C.R., or any other contractor within C.D.C.R. for:

(a) Outside Emergency Treatments from 2019 thru 2025 Aug.

(b) (CT Scans), (x-rays) (M.R.I.s), cardiologist specialties exams, stress-tests, E.K.G.s

(c) Neurologist results from head trauma

(d) All E.R. trips while in custody of Riverside County Jail system

17

from March 8, 2024 through Sept 2025 to Riverside University Health Care system.

Response to Question No. 7:

Objection. This request is compound and improperly combines an interrogatory with a request for production. Defendant responds only to the portion of the request that asks an interrogatory and responds separately to the request for production. Defendants' Responses to Plaintiff's Requests for Production.

(Doc. 80 at 26.)

Ruling re Question No. 7

Plaintiff's motion will be denied. This interrogatory was responded to in the form of a request for production of documents and the relevant ruling in that regard appears above.

***Additional Comments***

Plaintiff is advised that "discrepancies between facts and evidence is not a basis to compel a further response or to attempt to force an opposing party to change a response to propounded discovery; rather, it is fodder for Plaintiff to attempt to impeach a witness or to contradict testimony thereon at trial and/or dispositive motion." *Jacobs*, WL 3717542, at *7. "While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided." *Lugo v. Fisher*, No. 1:19-cv-00039-NONE-SAB (PC), 2020 WL 2770074, at *2 (E.D. Cal. May 28, 2020). "Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request." *Id.*

Signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry. Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted); see also Fed. R. Civ. P. 11(b) & 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were

18

incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

Finally, Defendants will be directed to review their discovery responses to ensure double-sided documents were produced in their complete form. In other words, Defendants shall ensure the second side of any two-sided document was copied and produced to Plaintiff. If any were omitted, Defendants shall provide any missing copies to Plaintiff within 14 days of the date of this order.

### III.    CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that:

1.  Plaintiff's Motion to Compel Responses (Doc. 80) is **DENIED**; and

2.  Defendants shall review their discovery responses to ensure that any double-sided documents were copied completely and produced to Plaintiff. If any double-sided documents were not copied completely, Defendants shall provide any missing documents to Plaintiff within 14 days of the date of this order.

IT IS SO ORDERED.

Dated:    **June 17, 2026**

_____
UNITED STATES MAGISTRATE JUDGE