UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER ROBERT LUTE,

Plaintiff,

v.

E. SILVA, et al.,

Defendants.

Case No. 1:20-cv-01122-CDB (PC)

**ORDER GRANTING IN PART DEFENDANTS' SECOND MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**

(Doc. 100)

Plaintiff Christopher Robert Lute is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants E. Moreno, A. Randolph, E. Romero and O. Valladolid.

## I. RELEVANT BACKGROUND

The Court issued its Discovery and Scheduling Order on August 5, 2025. (Doc. 75.) Relevant here, the deadline for filing an exhaustion-based summary judgment motion was set for December 5, 2025. (*Id.*) Defendants did not file an exhaustion-based summary judgment motion.

On March 2, 2026, Defendants filed their first motion to modify the scheduling order, seeking extensions of the completion of discovery and the filing of dispositive motions. (Doc. 83.) On March 4, 2026, the Court granted Defendants' motion, extending the deadline for the completion of discovery from April 5, 2026, to May 5, 2026, and for the filing of dispositive

motions from June 15, 2026, to July 15, 2026. (Doc. 84.)

On April 10, 2026, the Court issued its Order Vacating Remaining Discovery Deadlines Pending Resolution of Plaintiff's Motion to Compel. (Doc. 91.) The parties were advised the Court would reset those deadlines "following the Court's resolution of Plaintiff's pending motion to compel …." (*Id*. at 2.)

On June 18, 2026, after the Court issued its order denying Plaintiff's motion to compel (*see* Doc. 92), the Court issued its Order Resetting Deadlines for the Completion of Discovery and for Filing Dispositive Motions (Doc. 93). In particular, the deadline for the completion of discovery was set for August 21, 2026, and the deadline for filing dispositive motions was set for October 30, 2026. (*Id*.)

On July 28, 2026, Defendants filed a second motion to modify the scheduling order in this action. (Doc. 100.) The Court finds a response by Plaintiff to be unnecessary.

## II. DISCUSSION

Defendants ask the Court to modify the scheduling order *nunc pro tunc* by extending the deadline for the filing of an exhaustion-based motion and "[a]llowing Defendants to present both exhaustion and merits-based arguments in a single combined motion …." The motion is supported by the Declaration of Neda I. Boyd. Ms. Boyd declares she was assigned to this action on February 18, 2026,[1] after the deadline for filing an exhaustion-based motion expired. She declares that following "a complete review of the records and conducting discovery," she has identified an exhaustion defense that may dispose of the entire action. Defense counsel asserts Defendants "would be prejudiced if they were precluded from presenting a potentially dispositive exhaustion defense due to prior counsel's inability to identify that defense before the expiration of the exhaustion motion deadline" and that Plaintiff will not suffer prejudice because he "would have the opportunity to oppose any combined motion addressing exhaustion and the merits." Counsel maintains that granting the request would serve the interests of judicial economy and conserve the resources.

[1] Attorney Boyd filed a notice of change in designation of counsel for service and request to terminate former counsel's name from the service list on February 23, 2026. (*See* Doc. 82.)

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure governs requests for extension of time after the time to respond has expired and requires a showing of excusable neglect. Courts analyze the following equitable factors in determining whether a missed deadline was a result of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Bateman v. United States Postal Serv*., 231 F.3d 1220, 1223-24 (9th Cir. 2000). The Supreme Court has noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co.,* 507 U.S. at 392 (internal citations omitted). The Ninth Circuit has left "the weighing of *Pioneer*'s equitable factors to the discretion of the district court." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Applying the *Pioneer* factors, first, the Court finds that while there is some prejudice to Plaintiff as the opposing party, that prejudice is lessened where Plaintiff's opportunity to oppose Defendants' argument is not negated but merely delayed. Second, this Court finds delay and potential negative impact can be avoided by granting Defendants an extension of time to August 21, 2026 – the deadline presently set for the completion of all discovery. Third, Defendants' reason for delay is explained by current defense counsel's recent assignment to this action and the discovery and motions practice during the relevant period. And there is little potential impact on

these proceedings where the parties remain able to address a potential affirmative defense.[2] Lastly, the Court finds Defendants acted in good faith. A change in counsel for the defense after the deadline at issue had passed, during the discovery phase and motion practice, adequately explains the delayed request. In sum, this Court finds Defendants' failure to file an exhaustion-based summary judgment motion by the originally imposed deadline was due to excusable neglect. *Pioneer Inv. Servs. Co.,* 507 U.S. at 395; *Pincay*, 389 F.3d at 860.

The undersigned does not permit the filing of a consolidated or combined summary judgment motion addressing both exhaustion and the merits of a plaintiff's claims. *See, e.g.*, *Bellows v. Vang*, No. 1:22-cv-00300-CDB, 2025 WL 2581535, at *1 (E.D. Cal. Aug. 11, 2025) (stating "The undersigned does not consider combining the exhaustion-based and merits-based summary judgment motion deadlines to be an effective use of the Court's time and resources"). Therefore, Defendants will be permitted to file an exhaustion based summary judgment no later than August 21, 2026.

## III. CONCLUSION AND ORDER

For good cause shown, the Court **HEREBY ORDERS**:

1. Defendants' motion to modify the scheduling order (Doc. 100) is **GRANTED in part** and nunc pro tunc; and
2. Defendants **SHALL** file any exhaustion-based summary judgment motion **no later than August 21, 2026**.

**No further extensions of time or requests to modify the deadlines set forth in the scheduling order and related orders will be considered absent a showing of extraordinary circumstances**.

IT IS SO ORDERED.

Dated: **July 30, 2026**

UNITED STATES MAGISTRATE JUDGE

[2] *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).